Case 1:22-cv-00541-PJG ECF No. 1, PageID.1 Filed 06/13/22 Page 1 of 8

FILED - GR
June 13, 2022 2:03 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM SCANNED BY JW /6-14

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANYALE TUBBS, #292944,

   Plaintiff,

v.

PAUL DAVIS,
in his individual capacity
as the former assistant deputy
Warden of Housing for
MICHIGAN DEPARTMENT OF CORRECTIONS,
UNKNOWN D. ANDERSON,
in her individual capacity
as a resident unit Manager for
MICHIGAN DEPARTMENT OF CORRECTIONS,

   Defendant(s).
_____/

1:22-cv-541
Phillip J. Green
U.S. Magistrate Judge

Civ:
Hon
Mag.

JURY TRIAL DEMANDED

COMPLAINT

Comes now plaintiff and for his complaint states as follows:

PRELIMINARY STATEMENT

1. This is a prisoners §1983 civil suit seeking punitive and compensatory damages. Plaintiff avers while confined and housed at Earnest C. Brooks Correctional Facility(LRF), defendants individually and collectively became deliberatly indifferent to plaintiffs health and safety posed by the risk associated with being infected with Covid-19 by their failure to respond reasonably to the risk by forcing plaintiff to be housed in the exact same unit as confirmed positive prisoners as well as on the exact same wing as confirmed positive prisoners in violation of the Cruel and Unusal punishment Clause of the Eighth Amendment of the United States Constitution.

2. The defendants actions in failing to reasonbly respond to the risk posed by Covid-19 put plaintiff's life and safety in jeporady and has caused plaintiff to suffer anxiety attacks as well as psy-

-1-

chological, mental distress and other pecuniary losses not yet ascertained.

3. Plaintiff maintains that the deprivations of his Constitutional rights were carried out by defendants specific to the careless attitude displayed by officials at LRF when it concerns prisoners safety and health and that the named defendants acting under the color of state law knowingly caused plaintiff to be deprived of his Constitutional rights.

## JURISDICTION AND VENUE

4. This action arises and is brought pursuant to 42 U.S.C. §1983, to remedy the deprivations under color of state law of rights guaranteed by the Eighth Amendment of the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (1) and 1343.

5. This cause of action arose in the Western District of Michigan. Therefore, venue is proper under 28 U.S.C. § 1367.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff submits that he has exhausted all remedies as it pertains to all claims advanced herein.

## PREVIOUS LAWSUITS

7. Tubbs v. Washington, Case No. 1:19-cv-00322, United States District Court for the Western District of Michigan. Dismissed.

## THE PARTIES

8. Plaintiff Danyale Tubbs, is and was at all relevant times mentioned herein a adult citizen of the United States and a resident of the state of Michigan. Plaintiff is currenlty incarcerated at Earnest C. Brooks Correctional Facility located at: 2500 S. Sheridan Drive Muskegon Heights, MI 49444.

9. Defendant Paul Davis is sued in his individual capacity as the former assistant deputy warden for Earnest C. Brooks Correctional Facility. Defendant Davis is and was at all relevant times mentioned herein a adult citizen of the United States and a resident of the state of Michigan. On information and belief defendant Davis was endowed with the responsibilty concerning the inside movement of prisoners, including initial assignment to prison units and transfers within the institution. Defendant Davis is located at: 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

10. Defendant Unknown D. Anderson is sued in her individual capacity as a resident unit manager for Michigan Department of Corrections stationed at Earnest C. Brooks Correctional Facility. Defendant D. Anderson is and was at all relevant times mentioned herein a adult citizen of the United States and a resident of the state of Michigan. On information and belief defendant Anderson was endowed with the responsibilty concerning the evaulation and determinating proper housing for prisoners that is safe. Defendnat Anderson is located at: 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

STATEMENT OF FACTS

11. To combat the spread and transmission of Covid-19, the CDC, Intrim Guidance for Correctional Facilities(March 23, 2020), recommended that Americans "Socially Distance" from each other to minimize the exposure and transmission of Covid-19, especially in congregate enviornmnets such as prisons and nursing homes and jails. But that precaustion is unevailable to prisoners like plaintiff. Instead, plaintiff has been placed in a deadly predicament: prevented by the fact of his confinment from taking recommended precaustions and is left exceptionally exposed to a deadly virus. This reality is partic-

ularly concerning for medically vulnerable prisoners like plaintiff. "Having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take it's course." See Deshaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 200 (1989).

12. On November 27, 2020 plaintiff was tested again for Covid-19 and tested negative after having tested negative already on past occasions: 11/11/20; 10/21/20; 10/29/20. Despite these results plaintiff a unvaccinated prisoner at this time was forced by defendants Davis and Anderson to lock in the exact same unit as confirmed positive prisoners as well as be on the exact same wing as confirmed positive prisoners. Plaintiff was not only forced to be on the exact same wing and in the exact same unit as confirmed positive prisoners but he was also denied access to cleaning supplies i.e., trash piled up in hallways, bathrooms dirty unsanitized and filthy. Feces, urine caked to toilets with mucus stuck to the sinks.

13. Plaintiff avers that he kited(Sent letters) to defendants Davis and Anderson and spoke to them both on numerous occasions about this housing disaster and was told by defendants Davis and Anderson in the recreational dayroom that I seem to be immune as they've kept me around confirmed positive prisoners and I've still not been infected. Knowingly housing none-positive prisoners in close proximity to confirned positive prisoners are deliberate indifference. See Dykes-Bey v. Washington, 2021 U.S.App. LEXIS 30956 (6th Cir. 2021)(stating "Dykes-Bey complaint does not allege...that the defendants knowingly housed Covid-19 positive inmates alongside any plaintiff, or even that a Covid-19 outbreak occurred at KCF.").

-4-

14. Testing positive for COVID-19 cannot be the sole metric for who has suffered a "actual harm" as a result of LRF's failure to take sufficient safety precautions to protect inamtes from Covid-19. As one court aptly observed, "even perfectly healthy inmates are seriously threatened by COVID-19" and, therefore, "it cannot be denied that the virus is gravely dangerous to all of us." See Savino v. Souse, 453 F.Supp3d 441, 451 (D.Mass.2020). "The Eighth Amendment protects against future harms to inmates." See Helling v. McKinney, 599 U.S. 25, 33, 113 S.Ct. 2475 (1993). Put differently, "a remedy for unsafe conditions need not await a tragic event."Id.

15. Defendants Davis and Anderson instructing officers to not provide plaintiff cleaning supplies which allowed trash to pile up, bathroom to become filthy allowing feces and urine to cake to toilets and mucus to become lodged to the sinks is inhumane and cruel conditions of confinement. See Taylor v. Riojas, 141 S.Ct. 52 (2020)(Stating "..No reasonable correctional officer could have concluded that, under the extreme circumstances of this case, it was constitutionally permissible to house Taylor in such deplorably unsanitary conditions for such an extended period of time)". Plaintiff was forced to live in this condition for weeks and Taylor,Id, only 6 days.

16. Plaintiff submits that he was forced to lock in the exact same unit and in close proximity to confirmed positive prisoners for over a month.

17. Plaintiff submits that defendants Davis and Anderson allowed and approved all positive prisoners to use the exact same phones and recreational day rooms as well as showers as plaintiff a non-positive prisoner from November 27, 2020 to around late December early January 2021.

## CLAIMS FOR RELIEF

### Claim I: Deliberate Indifference/Failure to Protect

18. Plaintiff incorporates by reference ¶'s 1-17 as if stated fully herein.

19. By virtue of the foregoing, defendants Davis and Anderson did recklessly disregard the risk posed by Covid-19 by housing confirmed positive prisoners in the exact same unit and on the exact same wing as plaintiff a non-vaccinated and confirmed negative prisoner for weeks in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment of the United States Constitution.

## RELIEF REQUESTED

Wherefore, plaintiff humbly request that this Honorable Court grant the following relief:

a. Award plaintiff punitive damages against defendants Davis and Anderson in the amount of $100,000 severaly and jointly;

b. Award plaintiff compensatory damages against defendants Davis and Anderson in the amount of $100,000 severally and jointly;

c. Award plaintiff any other relief this Honorable Court deems is just and in the best interest of justice.

## VERIFICATION OF COMPLAINT

I Danyale Tubbs declare and state under penalty of perjury and 28 U.S.C. §1746 that everything stated within this complaint is correct and true.

Executed on: June 6, 2022

Respectfully submitted,

/s/ *Danyale Tubbs*
Danyale Tubbs #292944
E.C. Brooks Corr. Fac.
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

Danyale Tubbs #292944
Earnest C. Brooks Correction
2500 South Sheridan Drive
Muskegon Heights, MI 49444



AL Facility

40

CLERK of Court
U.S District Court
399 Federal Bldg.
110 Michigan St. NW
Grand Rapids, MI 49503